IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,943-01




EX PARTE ALEX FORD, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 10-01413-CRF85 IN THE 85TH DISTRICT COURT
FROM BRAZOS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of intoxication
assault and sentenced to six years’ imprisonment. The Tenth Court of Appeals affirmed her
conviction. Ford v. State, No. 10-11-00270-CR (Tex. App. – Waco, September 20, 2012, pet.
ref’d.).
            Applicant contends that her trial counsel rendered ineffective assistance because counsel
failed to advise her of a plea offer, failed to explain the meaning and consequences of an affirmative
deadly weapon finding, failed to preserve errors at trial, and failed to request a lesser included
offense instruction. 
            On January 30, 2014, the trial court entered findings of fact and conclusions of law,
recommending that relief be denied. The trial court’s findings of fact and conclusions of law cite
extensively to the transcript of a habeas hearing, which was apparently conducted on September 27,
2013. However, the habeas record does not contain a transcript of that hearing.
            The trial court shall supplement the habeas record with a transcript of the habeas hearing
conducted on September 27, 2013. This application will be held in abeyance until the trial court has
supplemented the habeas record with a transcript of the habeas hearing. The supplemental record
containing the transcription of the court reporter’s notes from the habeas hearing shall be forwarded
to this Court within 90 days of the date of this order. Any extensions of time shall be obtained from
this Court.
 
Filed: May 21, 2014
Do not publish